

## NUMBER 13-12-00741-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN THE INTEREST OF J.L.G., A CHILD

**On appeal from the 156th District Court
of San Patricio County, Texas.**

## MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, I.G., appeals from a trial court judgment terminating his parental rights to his daughter, J.L.G. The case was tried to a jury which found appellant: (1) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; (2) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; (3) failed to comply with provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of

the Department of Protective and Regulatory Services for not less than nine months as a result of the child's removal from the parent; (4) has been convicted or has been placed on community supervision, including deferred adjudication community supervision, for being criminally responsible for the death or serious injury of a child or adjudicated for conduct that caused the death or serious injury of a child and that would constitute a violation of section 22.011 of the penal code; and (5) knowingly engaged in criminal conduct that resulted in the parent's conviction of an offense and confinement or imprisonment and inability to care for the child for not less than two years from the date of the filing of the petition.   The jury also found that termination of appellant's parental rights would be in the child's best interest.   The trial court's termination order reflects each of these reasons for termination.   We affirm.

## I.   *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), the court-appointed attorney for appellant filed a brief and motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.   *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). The *Anders* procedures are applicable to an appeal from the termination of parental rights

2

when an appointed attorney concludes that there are no non-frivolous issues to assert on appeal. *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Appellant's attorney has so concluded.

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's attorney carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. The attorney informed this Court that he (1) examined the record and found no arguable grounds to advance on appeal; (2) served copies of his brief and motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response. *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed. Appellant has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We reviewed the entire record and counsel's brief, and found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, the attorney is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

GREGORY T. PERKES
Justice

Delivered and filed the
14th day of March, 2013.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Supreme Court of Texas, he must either retain an attorney to file a petition for review or file a pro se petition for review. Any petition for review must be filed within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. 53.7(a). Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure. *See id.* at R. 53.2.